WILLARD DAYTON BROWN

*v.*

EAST RIDGELAWN CEMETERY et al.

[Submitted November 25th, 1914.   Decided December 2d, 1914.]

1. The holders of certificates for lots sold and the trustees of the defendant cemetery association are necessary parties to a suit to restrain a cemetery association from applying the proceeds of lots sold according to a trust agreement.

2. *Bliss* v. *Linden Cemetery Co., 81 N. J. Eq. 394,* approved and followed.

On demurrer to bill.

*Messrs. Humphreys & Sumner,* for the complainant.

*Mr. Merritt Lane,* for the defendants East Ridgelawn Cemetery, Herbert B. Gruber and William M. Bonynge.

*Mr. William F. Gaston,* for the defendants Charles M. Howe and Passaic Trust and Safe Deposit Company.

GRIFFIN, V. C.

The bill in this cause prays an injunction restraining the defendant East Ridgelawn Cemetery from paying the proceeds of its burial plots to the Passaic Trust and Safe Deposit Company (hereinafter called the trustee), or for any other purpose than to the perpetual care fund, excepting that it might use said funds to pay the fair value of the cemetery lands which were conveyed by Gruber to the trustee. It also prays that a receiver be appointed.

It appears from the bill that two separate cemetery companies were organized, under the Rural Cemetery act, on or about September 28th, 1905, with seven trustees each, five of the persons

being trustees in both cemeteries. The bill alleges that these trustees entered into an illegal agreement with Gruber and other defendants which was afterwards consummated in the following manner: Gruber made a deed to the trustee in trust for the East Ridgelawn Cemetery, for one hundred and twenty-one acres, plus, and another deed to the trustee for the use and benefit of the West Ridgelawn Cemetery, for eighty-nine acres, plus, which deeds were made subject to the declarations of trust hereinafter mentioned. The trustee executed declarations of trust touching both tracts, both declarations being alike with only such changes as were made necessary by the fact that in one case the trust was for the East Ridgelawn Cemetery and in the other for the West Ridgelawn Cemetery.

The declaration of trust as to the East Ridgelawn Cemetery substantially provides that the trustee, on the request in writing of Gruber, &c., will convey to the East Ridgelawn Cemetery the lands mentioned in the declaration of trust, said lands to be used for cemetery purposes; "that the said East Ridgelawn Cemetery shall pay as consideration therefor such amount as it may receive from time to time as the proceeds of sale of said lots or plots in the manner following:" The cemetery is authorized to retain six cents per square foot on the lands sold, pay one-half of the balance to the trustee, and, after deducting what might be necessary for preserving, improving and embellishing the cemetery grounds, &c., the balance thereafter remaining should likewise be paid to the trustee. The agreement also provides that the proceeds of sale of "sublots or plots is hereby appropriated, and is to be divided by said cemetery into thirteen thousand five hundred shares, to represent which the said East Ridgelawn Cemetery shall issue a certificate, or certificates, to the said trust company," in the form thereinafter recited, which certificates are negotiable in form. Provision is also made that if the cemetery should fail to perform any of the conditions of the trust agreement, the rents, issues, profit and revenues from the sale of lots and other sources, might be sequestered to compel it to perform. It likewise provides that at the end of every three months, if the trust company has in its possession a sum

sufficient to pay a dividend of at least fifty cents a share, it shall pay such sum per share to the holders of certificates. The certificates so issued were joint certificates, made by the East and West Ridgelawn Cemeteries.

The scheme of the declaration of trust is the same as that referred to in *Bliss* v. *Linden Cemetery Co., 81 N. J. Eq. 394*—the certificate holders here corresponding to the holders of land-purchase shares in the *Bliss Case*.

The certificate holders are not parties to this suit.

The complainant excuses the omission to make them parties on the ground that they are held by a large number of individuals, residents and non-residents, numbering more than two hundred, and are so numerous that it would be impossible, practically, or highly inconvenient and expensive to bring them in as parties defendant to this suit; and that Frank, Howe and Bonynge are certificate holders and that their interests are the same as those of the ones omitted; that the trustee is also the trustee of the certificate holders, and that they may be regarded as representing the certificate holders in the suit, and may answer for them.

The trustees of the cemeteries have not been made parties.

In *Bliss* v. *Linden Cemetery Co., supra,* Vice-Chancellor Howell held that the holders of the land-purchase shares and the board of trustees were necessary parties, and without them no decree could be made on the bill presented which would be of any material value to the complainant; and he denied the motion for injunction.

Counsel, however, suggests that the number of holders of land-purchase shares in the *Bliss Case* was not large. I have taken occasion to examine the papers in that case, and find that there were about two hundred holders of land-purchase shares. Both cases, therefore, being quite alike in principle, the demurrers to the bill should be sustained.